EL PUEBLO, DEMANDANTE Y APELADO, *v.* PIMIENTER, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por infracción a la Ley de Automóviles.

No. 2026.—Resuelto en julio 24, 1923.

ACUSACIÓN INSUFICIENTE—AUTOMÓVILES.—El conducir un vehículo pesado de motor con peso en exceso del permitido por la licencia no constituye una violación de la Ley de Automóviles, sino de la Ley núm. 41 de 1910, que en ese particular está vigente, y. refiriéndose ésta a caminos insulares, una acusación que describe el hecho cometido en una calle de un municipio no imputa delito alguno.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. B. Esteves.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante fué condenado en virtud de una denuncia que dice así:

"Yo, José Gerena, * * * formulo denuncia contra Martín Pimienter, por delito Inf. Ley Automóviles, cometido de la manera siguiente: que en julio 20 de 1922, hora 2 p. m. y en la calle Comercio de Aguadilla del Distrito Judicial Municipal de Aguadilla, P. R., el referido acusado allí y entonces ilegal, voluntaria y maliciosamente violó las disposiciones de la ley para reglamentar el uso de vehículos de motor en los caminos públicos de Puerto Rico, en su artículo 9, letra F, guiando el vehículo pesado de motor No. H. P. 189 con un exceso de carga de 20 quintales. Este vehículo pesado de motor tiene licencia para cargar 4 toneladas y llevaba 5 · toneladas. Hecho contrario a la Ley. Siendo testigos * * * ."

Al celebrarse el juicio de *novo* en apelación en la corte de distrito, el apelante alegó que la denuncia como está redactada no contiene hechos suficientes que constituyan delito·público, por los siguientes fundamentos: (*a*) porque la denuncia se refiere a un hecho ocurrido en la calle Comercio de Aguadilla y no en una de las carreteras de Puerto Rico; (*b*) porque el propósito de la ley es evitar el deterioro y destrucción de las carreteras insulares, y el hecho de que un conductor de truck llevara su carro cargado en exceso de lo que determina su licencia, si lo hace fuera de una carretera, sólo perjudica a su dueño y nada al Pueblo de Puerto Rico; (*c*) porque el hecho de llevar o conducir un *truck* con exceso· de carga, si fuera en una carretera insular, constituiría un delito de infracción a la ley de carretera, pero no a la Ley de Automóviles.

Si bien es verdad que el artículo 9, letra "*c*," de la ley de automóviles de 1916, según quedó enmendado por la ley núm. 55 de 1921, dispone que ningún vehículo de motor cuyo peso exceda de 4 toneladas descargado, ni de 8 toneladas

cuando esté cargado, será permitido en los caminos públicos con las dos excepciones que la ley hace, y que el artículo 18 considera las infracciones a dicha ley como delitos menos graves, punibles con multa no menor de $5 ni mayor de $300, o con prisión de 5 días a 3 meses, sin embargo, no contiene disposición alguna ni pena para los que conduzcan vehículos pesados de motor con más carga de la permitida por la licencia que tengan, pues todo lo que encontramos en esa ley que haga referencia a este punto es la autorización que concede la regla "*f*" adicionada al artículo 9 por la ley de 1921 a determinados empleados del Departamento del Interior para detener cualquier vehículo pesado de motor para inspeccionarlo y denunciar al conductor si llevase carga en exceso de la autorizada por la licencia del vehículo. Es la ley núm. 41 de 1910 proveyendo para el mantenimiento y policía de los caminos públicos la que en su artículo 10, letra "*a*," dispone que no se permitirá ningún vehículo pesado de motor en los caminos insulares a menos que tuvieren licencia y se hubieren inscrito en el Departamento del Interior de acuerdo con las disposiciones de la misma ley; y la que en la letra "*k*" dispone que las licencias fijarán el peso inscrito permitido de los vehículos cargados y ordena que toda persona encargada de un vehículo pesado de motor que condujere más peso que el inscrito, incurrirá en delito menos grave, punible con multa máxima de $100 o prisión que no excederá de 60 días, o con ambas penas.

Por virtud de lo expuesto entendemos que el conductor de un vehículo pesado de motor con peso en exceso del que le permite su licencia no infringe la ley de automóviles sino la núm. 41 de 1910, vigente en ese particular por no ser contraria a la ley 54 de 1921 sobre conservación y policía de las carreteras.

Sentado lo que precede, y toda vez que la prohibición del artículo 10, letra "*a*," penado en la letra "*k*," se refiere a caminos insulares, tenemos que concluir que la acusación no

imputa delito alguno porque el apelante no conducía el vehículo cargado con exceso por un camino insular, pues alega que estaba en una calle de Aguadilla.

La sentencia debe ser revocada.

>*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no tomó parte en la resolución de este caso.